**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| GREGORY EARL COLLINS, )<br>    ID # 1051192, )<br>        Petitioner, )<br>vs. )<br>)<br>RICK THALER, Director, )<br>Justice, Correctional Institutions Division, )<br>        Respondent. ) | No. 3:13-CV-0536-L (BH)<br><br>Texas Department of Criminal<br><br>Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to *Special Order* 3-251, this case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the habeas corpus petition should be **DENIED** with prejudice.

## I. BACKGROUND

On February 21, 2012, the petitioner, an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the denial of parole. The respondent is Rick Thaler, Director of TDCJ-CID.

**A.    Factual and Procedural History**

The petitioner is currently serving concurrent twenty-five years sentences in Cause Nos. F89-83298-UN and F01-49331-P for unauthorized use of a motor vehicle and robbery, respectively. (*See* www.tdcj.state.tx.us, search for petitioner). On July 25, 2011, the petitioner was denied parole. (Response, Ex. B). He filed a state writ on November 14, 2011, challenging the denial of parole and the set off until the next parole consideration. He contended that the Board of Pardons and Paroles used that was vague, uncertain, ambiguous, arbitrary, and inadequate, and therefore unconstitutional,

to deny parole, and that was insufficient evidence to support the reasons for denial. (State Habeas Transcript "S.H.Tr.":2-14, 17). His writ was denied without written order on February 1, 2012. (S.H.Tr.:cover).

In his federal petition, the petitioner raises one ground for relief in which he argues that his parole denial and set off was based on unconstitutional criteria and insufficient evidence. The respondent filed a response on May 8, 2012, and provided the state court records. The petitioner filed a reply brief on May 21, 2012.

## II. AEDPA STANDARD

Under 28 U.S.C. § 2254(d), as amended by AEDPA, a state prisoner may not obtain relief

> with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

"In the context of federal habeas proceedings, a resolution (or adjudication) on the merits is a term of art that refers to whether a court's disposition of the case was substantive, as opposed to procedural." *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000). Here, the denial of the petitioner's state writs constitute an adjudication on the merits. *See Ex parte Thomas*, 953 S.W.2d 286, 288-89 (Tex. Crim. App. 1997) (holding that a denial, rather than a dismissal, signifies an adjudication on the merits). The AEDPA standards enumerated in 28 U.S.C. § 2254(d) therefore apply.

Section 2254(d)(1) concerns pure questions of law and mixed questions of law and fact. *Martin v. Cain*, 246 F.3d 471, 475 (5th Cir. 2001). A decision is contrary to clearly established fed-

eral law, within the meaning of § 2254(d)(1), "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000).

With respect to the "unreasonable application" standard, *Williams* instructs that a writ must issue "if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413; *accord Penry v. Johnson*, 532 U.S. 782, 792 (2001). Likewise under *Williams*, a state court unreasonably applies Supreme Court precedent if it "unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." 529 U.S. at 407. "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 409; *accord Penry*, 532 U.S. at 793.

Section 2254(d)(2) concerns questions of fact. *Moore v. Johnson*, 225 F.3d 495, 501 (5th Cir. 2000). Under § 2254(d)(2), federal courts "give deference to the state court's findings unless they were 'based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.'" *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir. 2000). The resolution of factual issues by the state court is presumptively correct and will not be disturbed unless the state prisoner rebuts the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

### III.  DENIAL OF PAROLE

The petitioner claims that the criteria used to deny him parole in July of 2011 was

3

unconstitutional because it was vague, ambiguous, and arbitrary. He also asserts that the denial of his parole was unconstitutional in that he was denied parole, in part, based on a finding that he was involved in organized criminal activity, but he was never convicted on this basis, and the finding was unsupported by his TDCJ, jail, or FBI records. The petitioner also claims that because he was not provided a specific written reason for the denial of parole, he was not given notice of what portion of his conduct or character needed to be rehabilitated. (doc. 5 at 2).

"Federal habeas relief cannot be had 'absent the allegation by a plaintiff that he or she has been deprived of some right secured to him or her by the United States Constitution or the laws of the United States.'" *Malchi v. Thaler*, 211 F.3d 953, 957 (5th Cir. 2000) (quoting *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995)). There is no constitutional right of a convicted person to be conditionally released before the expiration of his sentence. *Greenholtz v. Inmates of the Neb. Penal & Correctional Complex*, 442 U.S. 1, 7 (1979). The Fifth Circuit has found that state prisoners in Texas "have no protected liberty interest in parole." *Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997). Because there is no federal constitutional right to early release on parole, a habeas petitioner cannot state a constitutional violation based upon the denial of parole, even where he alleges that the parole denial was based on unreliable or even false information. *Id*. at 305, 308-09.

Because the petitioner has no constitutional right to be released on parole prior to discharging his sentences, the state court denial of his claim was not contrary to federal law, and his sole ground for relief should be denied.

## IV. EVIDENTIARY HEARING

Upon review of the filings in this case and the proceedings reflected in the state-court records, an evidentiary hearing appears unnecessary.

4

## V. RECOMMENDATION

The request for habeas corpus relief pursuant to 28 U.S.C. § 2254 should be **DENIED** with prejudice.

**SO RECOMMENDED on this 19th day of February, 2013.**

*[Signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[Signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE